**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DERRICK EVANS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:10-CV-1490 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred. As a result, the Court will order movant to show cause why the motion should not be summarily dismissed.

On July 6, 2007, movant pled guilty to felon in possession of a firearm. United States v. Evans, 4:07CR87 CAS (E.D. Mo.). On September 25, 2007, the Court sentenced movant to a term of 180 months' imprisonment. Movant appealed, and the United States Court of Appeals for the Eighth Circuit affirmed on March 26, 2009. United States v. Evans, No. 07-3294 (8th Cir.). The appellate court issued its mandate on May 29, 2009. Movant did not file a petition for writ of certiorari with the Supreme Court of the United States.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is 90 days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The limitations period ended on about June 24, 2010. Movant certified that he placed his § 2255 motion in the prison mail system on August 5, 2010. As a result, the petition appears to be time-barred, and the Court will order movant to show cause why the motion should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **September 2, 2010**, why this case should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, this action will be dismissed.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2010.